UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| JUSTIN R. MORGAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 06-194-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| TIMOTHY PHILPOT, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Justin R. Morgan instituted this action in the Knott Circuit Court against Judge Timothy Philpot based on actions taken by Judge Philpot in his capacity as a judge of the Fayette Family Court. The action was later removed to this Court pursuant to 28 U.S.C. § 1441. [Record No. 1] On September 13, 2006, Judge Philpot moved the Court to dismiss this action or, in the alternative, to transfer the matter to the Lexington Division. [Record No. 4, 5] This motion is currently pending for review.

Having considered the Defendant's motion and supporting memorandum, the Court concludes that he is entitled to absolute judicial immunity. Accordingly, Defendant Philpot's motion to dismiss will be granted. It is, therefore, unnecessary to address the alternative motion to transfer.

A.   **RELEVANT FACTS**

The Plaintiff's pro se Complaint alleges that Judge Philpot took adverse actions in a family court case, in part, because the Plaintiff is a "registered Democrat who has been active

-1-

in many democratic campaigns within the state of Kentucky as well as across the country." Conversely, he asserts that Judge Philpot is a "registered Republican" who is "strictly conservative" and a member of the "religious right supporting [who supports] candidates such as Pat Robertson." [*See* Complaint, ¶¶ 3, 4; Record No. 1, attachment.] Plaintiff Morgan further claims that:

** ** **

8. In December 2003 Plaintiff became involved in a divorce case assigned to Defendant in his capacity as a judge in the Fayette County Family Court.

9. Defendant allowed the case to languish until 2006 granting multiple continuances to the Petitioner, Plaintiff's ex-wife.

10. Counsel for Plaintiff's ex-wife made frequent references throughout the case to Plaintiff's democratic party affiliation and his political activities and donations.

11. As a result of the bias created by Plaintiff's political beliefs, the Defendant has engaged in a pattern of conduct which has deprived Plaintiff of his due process rights.

12. As a result of the bias created by Plaintiff's political beliefs, Defendant stripped away Plaintiff's parental rights alleging that Plaintiff had agreed to sole custody in favor of his ex-wife when in fact Plaintiff testified on more than one occasion including at the trial that he wanted joint custody.

13. As a result of the bias created by Plaintiff's political beliefs, Defendant refused to grant Plaintiff's request for a custodial evaluation prior to entering the above-referenced custody order.

14.  As a result of the bias created by Plaintiff's political beliefs, Defendant has consistently imposed unreasonable and unfair economic demands upon the Plaintiff.

15.  As a result of the bias created by Plaintiff's political beliefs, Defendant refused to recognize the automatic stay created by a bankruptcy filing and ordered Plaintiff to be incarcerated.

16.  The Order incarcerating Plaintiff was dissolved by the Chief Judge of the Fayette Circuit Court and declared *void ab initio*.

[See Complaint, ¶¶ 8-16; Record No. 1, attachment.]

Based upon these factual averments, Plaintiff Morgan has asserted claims under 42 U.S.C. § 1983, the Civil Rights Act of 1964, and KRS 344.015 (Count I); KRS Chapter 344 (Count II); and for punitive damages under KRS 411.184 (Count III). In addition to punitive damages, Morgan's prayer for relief seeks monetary damages in an amount not to exceed $5,000,000 for pain, suffering, mental anguish, loss of enjoyment and quality of life and diminution of the value of his business.

**B.     STANDARD OF REVIEW**

The Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which allows a defendant to move for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

*Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Further, courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis removed) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

In addition, the Court notes that the availability of absolute judicial immunity in the context of a Rule 12(b)(6) motion to dismiss presents a question of law. *Brookings v. Clunk*, 389 F.3d 614 (6th Cir. 2004)

### C.   LEGAL ANALYSIS

According to the Defendant, the claims asserted against him in either his official or individual capacity must be dismissed. To the extent that the Plaintiff's claims are considered as being asserted in the Defendant's official capacity, the Defendant contends that he is entitled to the same immunity as if the claims were asserted against the state itself. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Wiggington*, 21 F.3d 733, 737 (6th Cir. 1994). And under the Eleventh Amendment states are immune from suits by private parties unless the immunity has been waived. *Quern v. Jordan*, 440 U.S. 322 (1979). Such immunity

also extends to state law claims. *Yanero v. Davis*, 65 S.W.3d 510, 518 (Ky. 2001); Ky. Const. § 231. The Defendant is correct in his assertions.

With respect to claims asserted against the Defendant in his individual capacity, he argues that such claims are subject to absolute judicial immunity under both state and federal law. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Vaughn v. Webb*, 911 S.W.2d 273 (Ky. App. 1995). Sitting by designation with the United States Court of Appeals for the Sixth Circuit, the undersigned discussed the extent of judicial immunity in *Brookings*, 389 F.3d 614 (6th Cir. 2004). As explained in *Brookings*,

> It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. . . . The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. . . . In fact, judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice as has been alleged in this case.

*Brookings*, 389 F.3d at 617 (citations omitted). *See also*, *Massey v. Stosberg*, 2005 U.S. App. LEXIS 12452 (6th Cir. Feb. 8, 2005), and *Frost v. Hamilton Co.*, 2006 U.S. Dist. LEXIS 5713 (E.D. Tenn. Jan. 30, 2006).

There are two circumstances under which judicial immunity does not apply. First, a judge will not be entitled to assert absolute immunity if the questioned acts were "non-judicial" in nature.[1] In considering this issue, the court must examine the *nature* and *function* of the challenged action, not the act itself. Second, this immunity will not apply if the judge's acts are

---

[1] The non-judicial acts exception has two components. First, the court must determine whether the act in question is a function that is "normally performed by a judge." Second, the court must decide whether the parties dealt with judge in his or her judicial capacity. *See Brookings*, 389 F.3d at 617-18.

performed without any jurisdiction. As to this issue, the Sixth Circuit has indicated that a judge acts in the clear absence of all jurisdiction "only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997).

Here, it is clear that all of the Defendant's actions that form the basis for the Plaintiff's claims arise out of the performance of Judge Philpot's judicial functions. The challenged actions are those that are normally performed by a judge. Further, it is clear that the Plaintiff's claims are based solely on actions taken by Judge Philpot while he was acting in his judicial capacity as a judge of the Fayette Family Court. The Plaintiff simply cannot contend that either exception to absolute judicial immunity is applicable. He has not alleged that Judge Philpot was acting in a non-judicial capacity at any time relevant herein. Likewise, he has not asserted that Judge Philpot did not have jurisdiction to take the actions he seeks to challenge.

In addition to the fact that Judge Philpot is entitled to absolute judicial immunity, the Plaintiff has not asserted a claim of actionable discrimination under state or federal law. As the Defendant points out in his supporting memorandum, the Plaintiff's references to KRS 344.015 does not create a separate cause of action but merely requires that state agencies develop implementation plans for 42 U.S.C. § 2000d *et seq.*, which prohibits discrimination on the basis of race, color, or national origin in the context of federally assisted programs. Likewise, KRS Chapter 344 provides a remedy for discrimination by employers, unions, and employment agencies. Additionally, the chapter prohibits housing discrimination and discrimination in

hotels, restaurants and public facilities. The Plaintiff does not make any factual claims that would fall within any of these statutory provisions.

### D. CONCLUSION

Based on the above discussion, it is hereby **ORDERED** as follows:

1. The Defendant's motion to dismiss [Record No. 4] is **GRANTED**. The claims asserted in this action are **DISMISSED**, with prejudice. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

2. The Defendant's motion to transfer this action to the Lexington Division [Record No. 5] is **DENIED**, as moot.

3. The Defendant is awarded all taxable costs incurred in this action.

This 2nd day of November, 2006.



Signed By:
Danny C. Reeves   DCR
United States District Judge